# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

THEODOR PERRONE,                                              PLAINTIFF

V.                                                      NO. 4:08CV058-A-D

EMMIT SPARKMAN, et al.,                                      DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). Plaintiff, an inmate currently incarcerated Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains that he lost part of his index finger while operating an auger. Plaintiff contends that the Defendants are liable for his injury because they failed to provide proper training with regard to operating the auger. Plaintiff is seeking monetary damages and equitable relief for his injury.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States to succeed in an § 1983 claim, *i.e.* a violation of a right. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. According to his own complaint, the Defendants were, at best, negligent in allowing an untrained inmate to operate the auger. Additionally, Plaintiff may bear equal responsibility for assuming the risk by operating an auger. Nevertheless, it is clear from his complaint that Plaintiff's injury was the result of negligence rather than a deliberate attack or official indifference for his safety. A mere claim of negligence on the part of the prison officials is not cognizable under Section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Hare v. City of Corinth, MS*, 74 F.3d 6333, 647-48 (5th Cir. 1996). If Plaintiff has stated a claim at all, it would be based purely on state law and is not appropriate for Section 1983 relief. Consequently, Plaintiff's complaint shall be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the   24th   day of June, 2008.


　　　　　　　　　　　　　　　　　　　　  /s/ Sharion Aycock  
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**